# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **J.K., C.K., and N.K.**

**No. 17-0542** (Kanawha County 16-JA-411, 16-JA-412, & 16-JA-413)

## MEMORANDUM DECISION

Petitioner Father R.K., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's May 16, 2017, order terminating his parental rights to J.K., C.K., and N.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Timbera C. Wilcox, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he failed to comply with the terms of his post-adjudicatory improvement period and denying his motion for a post-dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner and J.K.'s mother. According to the petition, petitioner and J.K.'s mother engaged in repeated acts of domestic violence against each other in front of the children and had obtained multiple domestic violence protective orders against each other. The petition referenced interviews of the three children, all of whom reported seeing petitioner engage in domestic violence against their respective mothers. C.K. reported that petitioner once pushed her mother into a dresser, causing a nail to cut her such that she had to get stitches. C.K. also reported seeing petitioner wrap his arm around J.K.'s mother's neck while J.K. was in her arms. C.K. reportedly hit petitioner, yelled at him to stop, and told J.K.'s mother to call for help. N.K. also reported seeing petitioner push J.K.'s mother into the stove and grab her throat while J.K. was in her arms. N.K. reported that, at that time, he and his sister took petitioner's phone and called their mother to come pick them up

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

from the home because they were scared of petitioner's actions. The DHHR further alleged petitioner was homeless at the time the petition was filed and had substance abuse issues.

In September of 2016, the circuit court held an adjudicatory hearing, during which the circuit court granted petitioner a post-adjudicatory improvement period, which required that he (1) participate in parenting and adult life skills classes; (2) submit to random drug screens; (3) participate in psychological and substance abuse evaluations; and (4) participate in domestic violence counseling.

In December of 2016, the circuit court held a review hearing in which the DHHR argued that petitioner had not been compliant with the terms of his improvement period and that he had not completed his psychological evaluation. The matter was continued so that petitioner could undergo the psychological evaluation.

In May of 2017, the circuit court held a dispositional hearing, during which petitioner moved for a post-dispositional improvement period. The DHHR presented the testimony of the Child Protective Services ("CPS") worker, who testified that petitioner did not substantially comply with the terms of his post-adjudicatory improvement period. Specifically, the circuit court heard evidence that petitioner failed to attend any of his parenting and adult life skills classes. These services were terminated after petitioner scheduled several appointments that he failed to attend. Further, the CPS worker testified that petitioner failed to present for several drug screens. Petitioner testified on his own behalf and stated that he had participated in the classes. Petitioner stated that he missed a few classes because he was depressed and missed his children, causing him to sometimes oversleep. Petitioner also stated that he missed some drug screens because they were causing him to lose work. However, petitioner admitted that he did not discuss this problem with the CPS worker so that other arrangements could be made. Petitioner also continued to dispute the allegations of domestic violence and that the children had witnessed him engage in domestic violence. After hearing testimony, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse, as he had not made sufficient efforts to rectify the circumstances which led to the filing of the petition. Accordingly, the circuit court denied petitioner's motion for a post-dispositional improvement period and terminated his parental rights.[2] It is from this May 16, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[2]The permanency plan for C.K. and N.K. is to remain with their non-abusing mother. J.K.'s mother's parental rights were also terminated. According to the DHHR, J.K. is placed in the home of her paternal grandparents with a goal of adoption therein.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that he had not successfully completed his post-adjudicatory improvement period. According to petitioner, his testimony established that he complied with the terms of his improvement period. Petitioner testified that he participated in parenting and adult life skills classes and that the few classes missed were due to depression. Petitioner also stated that he complied with random drug screens except when they interfered with his work schedule. However, the record on appeal suggests otherwise. The CPS worker testified that petitioner's parenting and adult life skills classes were suspended when he failed to participate. In fact, the CPS worker testified that petitioner did not attend any of the classes. Further, the CPS worker testified that petitioner missed several of his drug screens due to his failure to call in daily. Petitioner alleges that the drug screens interfered with his work, but testified that he did not address this problem with the CPS worker such that other arrangements could be made. We have previously held that

> "[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child."

Syl. Pt. 3, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Given the sufficient evidence in the record on appeal of petitioner's noncompliance with the terms of his improvement period, we find that his argument is without merit.

Further, petitioner argues that his compliance with his post-adjudicatory improvement period warranted granting him additional time to comply with services either under an extension or through a post-dispositional improvement period. We also find this argument to be without merit. With regard to the extension of improvement periods, West Virginia Code § 49-4-610 provides that a circuit court has discretion to grant, extend, or terminate an improvement period. West Virginia Code § 49-4-610(6) grants circuit courts discretion in extending an improvement period

> "when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the

3

child; and that the extension is otherwise consistent with the best interest of the child."

Additionally, we have long held that "[i]t is within the court's discretion . . . to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). With regard to post-dispositional improvement periods, West Virginia Code § 49-4-610(3)(D) provides that a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period [.]"

First, as previously mentioned, petitioner failed to demonstrate that he substantially complied with the terms of his improvement period. Petitioner had the opportunity to participate in services, but did not. The CPS worker testified that petitioner failed to attend any parenting or adult life skills classes. Additionally, petitioner missed some drug screens because they were allegedly causing him to lose work. Yet petitioner admitted that he did not attempt to remedy the situation with his case worker. As such, we find no merit in petitioner's argument that his post-adjudicatory improvement period should have been extended. Second, petitioner failed to show that he experienced a substantial change in circumstances such that a post-dispositional improvement period was warranted. In fact, petitioner offered no evidence on appeal that his situation changed in any way. Further, even had petitioner demonstrated a substantial change in circumstances, he failed to demonstrate that he was likely to participate in an improvement period based on his dismal performance during the post-adjudicatory improvement period. Petitioner downplayed his shortcomings during the post-adjudicatory improvement period and continually failed to acknowledge domestic violence in the home, despite the several domestic violence protective orders between him and his wife. Accordingly, we find he is not entitled to relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 16, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker